*In the Matter of the Disbarment of* C. R. COOKSEY.

No. 16,224.    (100 Pac. 62.)

ATTORNEYS—*Unjustifiable Conduct Not Requiring Disbarment.*
The conduct of the attorney complained of disapproved but
held not to require disbarment.

Original proceeding in disbarment.    Opinion filed
February 1, 1909.    Proceeding dismissed.

*L. W. Keplinger,* and *C. W. Trickett,* for accuser.

*W. H. McCamish,* and *Samuel Maher,* for accused.

*Per Curiam:* An accusation was filed in this court
charging C. R. Cooksey with wilful violation of his
duties as an attorney. It is in substance that Mr. Cook-
sey made and filed and assisted in the prosecution of
false and malicious charges against C. W. Trickett, an-
other member of the bar, in a disbarment proceeding
in the district court of Wyandotte county, charging
Mr. Trickett, among other things, with having de-
manded and received fees as an assistant attorney-
general before such fees were due, of which offense he
had been found guilty, but that Mr. Cooksey maliciously
withheld, in the specification of such charge, the fact,
well known to him, that an appeal had been taken from
such conviction, and that upon such appeal the prose-
cution had been dismissed by the court upon the mo-
tion of the attorney-general, based upon the absence of
probable cause and of evidence to convict.

Other specifications in the charges so made against
Mr. Trickett were of misconduct and violations of law
in wilfully refusing to pay over to another attorney
with whom he had been associated the fees coming into
his hands and belonging to such associate, and in ma-
king false returns of personal property to the assessor.

It is further alleged against the accused that while he
swore positively to the charges against Mr. Trickett

they related to many matters concerning which he had no personal knowledge, and that he either knew the falsity of such charges or swore to them recklessly, without any knowledge on the subject.

The charges so made against Mr. Trickett have been duly investigated and found to be untrue, and dismissed by the district court of Wyandotte county.

To this accusation Mr. Cooksey answered admitting that its averments were substantially true, and admitting that he had some ill feeling toward Mr. Trickett on account of former business relations, and adding the following:

"But the acts complained of in said accusation were not done solely because of such ill will, but were done with a belief that public justice demanded such action, and because accused was secretary of the Wyandotte county bar association and a number of said association advised that it was proper for accused to file said charges."

The answer also alleges that he believed at the time when the charges were made against Mr. Trickett that they were true and could be proved, and that as secretary of the Wyandotte county bar association he was advised that it was his duty to make them, and that he was also advised by older and more experienced attorneys that it was right and proper for him to verify such charges, and that he did so without malice; that he did not withhold from such specification the fact of the dismissal of such criminal charge through malice or to mislead the court, but that he believed, and was advised by able attorneys, that such dismissal would not prevent disbarment, and that it was a defense to be pleaded by the person charged. He also explains the charge concerning the refusal to divide attorney's fees by alleging that he made the same after a conversation with the attorney from whom it was alleged that the fees had been unjustly withheld, which conversation left an impression on his mind that such was the fact. With reference to the charge of making false returns

to the assessor he states that the public records showed certain mortgages standing in Mr. Trickett's name and that he had no knowledge of their transfer until he heard the testimony in the disbarment proceedings; that he had examined the sheriff's records showing tax-sale certificates held by Mr. Trickett, and also his returns to the assessor, and had concluded that these certificates had not been returned; that he believed and was advised that they ought to have been included, and that he did not make the charge recklessly.

The pending proceeding against Mr. Cooksey was submitted to this court for final judgment upon the accusation and this answer, which is accepted as true. The admissions made in this answer with apparent frankness invite a kindly consideration of the accompanying explanations, and in this spirit we have examined the whole answer, and have concluded that the conduct of the accused was not such as to require disbarment or suspension; but we can not overlook the fact that he in effect confesses that the proceedings instituted against Mr. Trickett were prompted in part by resentment growing out of personal disagreements. By averring that the acts complained of were not done solely because of ill will, he admits by strong implication that they were in part malicious. The conduct of the accused must therefore be so considered.

The duty of an attorney in this, as in other matters, is clearly stated in the oath taken upon admission to the bar to "neither delay nor deny any man his right through malice, for lucre, or from any unworthy desire." (Rule 27.) To attempt by all honorable means to purge the bar of a member honestly believed to be unworthy, after proper examination of his conduct, is praiseworthy, although it may be an unpleasant duty. The man who enters upon this undertaking should, however, be convinced of probable cause, and should not be actuated by sinister motives, but by a sincere purpose to secure and maintain justice, truth and honor

in the relations of members of the bar with each other, their clients, the courts, and the public. The generous trust and broad confidence of the public ought to prompt the most scrupulous conduct in every professional relation. Believing that these principles, so fundamental and so necessary to the efficiency of the bar and the usefulness of the courts, were in a material degree disregarded or for the time unremembered, we must disapprove the conduct of the accused in this matter; but believing also that the duty and the dignity of the honorable office of an attorney are now fully realized by him, we will proceed no further in the case.

The rule against the accused is now discharged at his costs.